UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER ADAMS,

     Plaintiff,

v.                           Case No.:  8:22-cv-2268-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Jennifer Adams seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

**B.    Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on November 9, 2020, alleging disability beginning on October 16, 2020. (Tr. 130, 276-282). The application was denied initially and on reconsideration. (Tr. 130, 147). Plaintiff requested a hearing, and on November 1, 2021, a hearing was held before

Administrative Law Judge Ryan Kirzner ("ALJ"). (Tr. 92-117). On November 8, 2021, the ALJ entered a decision finding Plaintiff not under a disability from October 16, 2020, the alleged onset date, through March 31, 2021, the date last insured. (Tr. 19-30).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on August 26, 2022. (Tr. 1-6). Plaintiff filed a Complaint (Doc. 1) on October 4, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 10).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2021. (Tr. 23). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from October 16, 2020, through her date last insured of March 31, 2021. (Tr. 23). At step two and through the date last insured, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical spine and degenerative joint disease of the right knee and left ankle." (Tr. 23). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 24).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except she can occasionally climb ladders, ropes, and scaffolds, frequent climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can frequency handle and finger bilaterally.

(Tr. 24).

At step four, the ALJ determined that through the date last insured Plaintiff was capable of performing past relevant work as a service investigator, order clerk, and mortgage accounting clerk as they were actually and generally performed. (Tr. 27-28). The vocational expert testified that Plaintiff could continue to perform these jobs within the limitations of the RFC. (Tr. 28). Alternatively, at step five, the ALJ found that considering Plaintiff's age (44 years old on the date last insured), education (at least high school), work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. (Tr. 28-30). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)  survey worker, DOT 205.367-054,[1] light, SPV 2

(2)  toll collector, DOT 211.462-038, light, SPV 2

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(3)   ticket taker, DOT 344.667-010, light, SPV 2

(Tr. 30). The ALJ concluded that Plaintiff had not been under a disability from October 16, 2020, the alleged onset date, through March 31, 2021, the date last insured. (Tr. 30).

## II.   Analysis

On appeal, Plaintiff raises the issue of whether the Appeals Council was in error in failing to remand the claim to an administrative law judgment after receipt of new and material evidence. (Doc. 11, p. 3). Plaintiff submitted additional medical records from August 2021 through February 2022, which Plaintiff contends showed an additional radiofrequency ablation, an epidural steroid injection providing some relief, and then a subsequent increase in pain in the cervical area with progressive right arm radicular pain, which led to cervical spine surgery that included cervical discectomy, arthroplasty, and placement of arthroplasty device in February 2022. (Doc. 11, p. 5; Tr. 31-91). Plaintiff argues these additional records through February 2022, showed Plaintiff's pain and reduced functioning were more severe than what was believed to be the case by the ALJ and showed her complaints were genuine. (Doc. 11, p. 5-6). Plaintiff failed to show that remand is warranted based on these additional records.

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council."

*Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). Under new regulations effective in 2017,[2] the Appeals Council will review a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). "Evidence is material if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Atha*, 616 F. App'x at 936. The new regulation added an additional requirement that the Appeals Council "will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 416.1435…." 20 C.F.R. § 404.970(b); 20 C.F.R. § 416.1470(b).

If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Hargress*, 883 F.3d at 1309 (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d

---

[2] In 2016, 20 C.F.R. § 404.970 was amended, effective January 17, 2017, but with compliance not required until May 1, 2017. *See* 81 Fed. Reg. 90987, 90996 (Dec. 16, 2016).

780, 784 (11th Cir. 2014)). But the Appeals Council need not give a detailed explanation or further address each piece of new evidence individually. *Id.*

The Appeals Council considered the additional evidence from Samuel A. Joseph, M.D., dated August 25, 2021 through February 23, 2022. (Tr. 2). It found "this evidence does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2). Because the Appeals Council denied review on this ground, the Court will focus on this prong of the analysis. Basically, the Appeals Council determined that this additional evidence was not material.

In the decision, the ALJ summarized the evidence through August 2021. (Tr. 26). The ALJ noted that Plaintiff had degenerative disc disease of the cervical spine. (Tr. 26). After her first surgery in January 2020, her upper extremity radiculopathy improved. (Tr. 26). Plaintiff returned to Dr. Joseph complaining of neck pain. (Tr. 26). She had epidural spinal injections in September and October, which gave her 80% relief for 3 days. (Tr. 26). On examination, Plaintiff had normal gait, full strength and reflexes, but decreased sensation in the right ulnar, and tenderness, spasms, and a limited range of motion in the cervical spine. (Tr. 26). Dr. Joseph recommended a left side medial branch block and possible radiofrequency ablation at C4-C5 and C6-C7. (Tr. 26). Plaintiff had both procedures with significant relief, but with a gradual return of the pain. (Tr. 26). In August 2021, Plaintiff returned to Dr. Joseph and received another medial branch block. (Tr. 26).

The ALJ also summarized Plaintiff's treatment with Kimberly Smith, M.D. for patchy alopecia, joint pain, and fatigue in July 2021. (Tr. 26). Dr. Smith noted mild tenderness to the right lower extremity with crepitus, and tenderness to the lumbar spine, but normal gait. (Tr. 26). Dr. Smith assessed multiple joint pain and ordered studies, such as x-rays, which showed early hypertrophic change at the posterior patella in the knee and minimal osteoarthritic changes at the tip of the lateral malleolus. (Tr. 26). In August 2021, Plaintiff reported she was doing okay, but continued to have joint pain mainly in her knee. (Tr. 26). Overall, her physical examination was generally normal. (Tr. 26).

The medical evidence submitted by Plaintiff to the Appeals Council follows the same pattern as the medical and other evidence considered by the ALJ. As the ALJ reported, in August 2021 – nearly five months after the date last insured – Plaintiff saw Dr. Joseph. (Tr. 49). She reported 90% relief from the last injection and was continuing with conservative care and therapeutic exercises. (Tr. 49). Plaintiff reported continued pain after her surgery, which was one year and 4 months prior, but continued with conservative care, such as massage, lidocaine patches, and ice/heat packs. (Tr. 49). He also noted that Plaintiff had a right-sided medial branch block with significant and temporary relief, and her doctor recommended a second one at the same level. (Tr. 49). In September 2021, Plaintiff reported 90% relief from the last injection, and was continuing with conservative care and therapeutic

exercises. (Tr. 46). She stated her pain level was 7/10. (Tr. 46). Later in September 2021, Plaintiff had an RFA (radiofrequency ablation) at C4-5 and C6-7. (Tr. 44). In November 2021, Plaintiff reported 100% relief from last injection, and was continuing to do conservative care and therapeutic exercises. (Tr. 43). Her pain level was 6/10. (Tr. 43). At an examination, her gait was normal, strength was 5/5 in the upper extremities, with some tenderness in the head and neck. (Tr. 43). In December 2021, Plaintiff had another epidural steroid injection, with a 30% pain reduction. (Tr. 39, 41). In January 2022, Plaintiff had severe pain in the neck that radiated to the upper arms. (Tr. 37). Dr. Joseph recommended a 2-level cervical disk replacement at C3-4 and C4-5, which took place on February 11, 2022. (Tr. 37, 51-52).

For nearly a year after the date last insured (March 31, 2021), Plaintiff continued on the same treatment route as during the relevant period. These treatments included receiving injections, receiving RFA, attaining significant or at least some level of relief for some time, continuing with conservative care and therapeutic exercises, and then returning again for another injection or RFA. That continued until February 2022, nearly a year after the date last insured, when she underwent additional surgery. The ALJ considered the medical records during the relevant period and for months after, through at least August 2021. Plaintiff even agreed that a "reasonable person looking at the treatment records through the date of the Administrative Law Judge decision may have arrived at the same residual

functional capacity finding as the Administrative Law Judge." (Doc. 11, p. 5). While true that Plaintiff eventually needed additional surgery in February 2022, the same medical treatment continued for a significant period of time after the date last insured. Because of the continuity of treatment for a significant time after the date last insured, Plaintiff failed to show that there is a reasonable probability that these additional medical records submitted to the Appeals Council would have changed the administrative outcome. Thus, remand is not warranted.

## III.    Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 15, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties